# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MILFORD E. FRIESEN and ARLYN FRIESEN,<br><br>        Plaintiffs,<br><br>vs.<br><br>HARVEST INTERNATIONAL, INC.,<br><br>        Defendant. | No. 19-CV-4072-LRR-KEM<br><br>**MEMORANDUM OPINION AND ORDER**[1] |

_____

Plaintiffs Milford E. Friesen and Arlyn Friesen (collectively, the Friesens) initiated this action in Iowa state court in Montgomery County, which is located in the Southern District of Iowa.  *See* Doc. 1.  Defendant Harvest International Inc. (Harvest) removed to this court, the Northern District of Iowa, invoking federal-question jurisdiction.  *Id.*  The Friesens move to remand this case to state court, arguing that their complaint alleges only state-law claims and that the procedural defect in removing the case to the wrong district requires remand, not transfer.  Doc. 9.  Defendant Harvest moves to transfer the case to the Southern District of Iowa.  Doc. 8.  I **grant** the motion to transfer (Doc. 8) and **deny** the motion to remand (Doc. 9).[2]

---

[1] Courts are split on whether magistrate judges have authority to issue orders on motions to transfer venue and motions to remand to state court.  *See* ***Payton v. Saginaw Cnty. Jail***, 743 F. Supp. 2d 691, 692-93 (E.D. Mich. 2010) (collecting cases on motions to transfer); ***Banbury v. Omnitrition Int'l, Inc.***, 818 F. Supp. 276, 279 (D. Minn. 1993) (collecting cases on motions to remand); *see also* ***Exmark Mfg. Co. Inc. v. Briggs & Stratton Corp.***, No. 8:10CV187, 2018 WL 3477965, at *1 (D. Neb. July 19, 2018) (suggesting that motions to transfer venue are nondispositive pretrial motions and reviewing magistrate judge order on transferring venue for clear error); ***Turnmeyer-Cook v. Winnebago Indus., Inc.***, No. 16-CV-3088-LTS, 2016 WL 6080202, at *4 (N.D. Iowa Oct. 17, 2016) (holding that motions to remand are nondispositive pretrial motions and that they may be decided by magistrate judges).  If the district court believes that I lack authority to issue an order in this matter, this order should be treated as a report and recommendation in accordance with Local Rule 72(g).

[2] I discussed these motions during a status conference with the parties, during which the Friesens indicated they would not object to a transfer to the Southern District of Iowa, as long as that district ruled on the merits of the motions—including whether transfer was proper.  Doc. 23.  Given that

### I.     SUBJECT-MATTER JURISDICTION

Federal courts have federal-question subject-matter jurisdiction when the plaintiff's complaint alleges federal claims.  *See* **28 U.S.C. § 1331**.  Here, the parties dispute whether the Friesens' state-law breach-of-contract claim "arises under" federal law because it involves the breach of a patent licensing agreement.  *See* Docs. 1, 9, 16.  They fail to acknowledge that the complaint also alleges an indisputably federal claim—Count IV alleges unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).  Doc. 2 at 5.  Because the unfair-competition claim in Count IV arises under federal law, the court has subject-matter jurisdiction over this action.  *See* **28 U.S.C. § 1331**; *see also* **28 U.S.C. § 1367** (supplemental jurisdiction).

### II.     TRANSFER OR REMAND

When a plaintiff brings a case in state court that includes federal claims, the defendant may remove the case "to the district court of the United States for the district and division embracing the place where such action is pending."  **28 U.S.C. § 1441(a)**; *accord* **28 U.S.C. § 1454(a)**.  Here, the Friesens brought this case originally in state court in Montgomery County, Iowa, which the parties agree is in the Southern District of Iowa.

Harvest indicates it removed this case to the Northern District of Iowa, instead of the Southern District of Iowa, because the Friesens' breach-of-contract claim is essentially a patent-infringement claim, and the Northern District of Iowa is the appropriate venue for a patent-infringement action under 28 U.S.C. § 1400(b).  That statute governs where a patent-infringement action "may be brought" when it is originally filed in federal court; it does not govern venue for a patent-infringement action removed from state court.  *See* ***Polizzi v. Cowles Magazines, Inc.***, 345 U.S. 663, 666 (1953) (holding that removed action was not "brought" in federal court such that general venue statute governing where actions "may be 'brought'" applied; instead, "[s]ection 1441(a) . . . provides . . . the proper venue of a removed action" brought in state court and removed to federal court is "the district

---

position, I am ruling on the motions prior to transfer.  I find argument is not necessary, and thus rule on the motions without oral argument.  *See* LR 7(c).

court of the United States for the district and division embracing the place where such action is pending"); *see also* **St. Clair v. Spigarelli**, 348 F. App'x 190, 192 (8th Cir. 2009) (per curiam) (noting that § 1441 "governs the venue of removed actions" but "that a change of venue is possible" once removed to the proper district). Indeed, there is a special statute governing removal of a patent action, but that statute still requires removal to "the district and division embracing the place where the action is pending." **28 U.S.C. § 1454(a)**.

Harvest seeks to cure the defect in removal by transferring this case to the Southern District of Iowa. Doc. 8. The Friesens resist, arguing that the defect in removal requires remand to state court. Docs. 9, 12.

As the parties recognize, courts are split on whether transfer or remand is the proper remedy when a case is removed to the wrong venue—although a majority of district courts in the Eighth Circuit have transferred to the proper court after removal to the wrong district or division, not remanded to state court. *Compare* **Schoberlin v. Westrux Int'l, Inc.**, No. 4:13 CV 471 RWS, 2013 WL 1285853, at *1-2 (E.D. Mo. Mar. 27, 2013) (transferring when removed to wrong district), **Gaines v. UNUM Life Assurance Co. of Am.**, No. CV 10-1885 (RHK/JJK), 2010 WL 11526773, at *1-2 (D. Minn. June 16, 2010) (same), **Scoular Co. v. DJCB Farm P'ship**, No. 2:09CV00061-WRW, 2009 WL 2241592, at *3 (E.D. Ark. July 24, 2009) (same), **W. Trucking, Inc. v. FTS Int'l Logistics, LLC**, No. 4:14-CV-045, 2014 WL 12666731, at *1-2 (D.N.D. July 11, 2014) (transferring when removed to proper district, but wrong division), **Anderson v. Black & Decker Corp.**, No. A4-04-91, 2004 WL 2028025, at *2 (D.N.D. Sept. 9, 2004) (same), **Brown v. Davis**, No. 4:12CV00649 AGF, 2012 WL 3578730, at *1-2 (E.D. Mo. Aug. 20, 2012) (denying motion to remand based on "defects in the notice of removal with respect to" the proper division and denying motion to transfer as moot because the case was already assigned to the correct division),[3] *with* **Hampton Pugh Co. LLC v. Monsanto Co.**, No. 3:17-cv-200-DPM, 2018 WL 295563, at *1-3 (E.D. Ark. Jan. 4, 2018) (remanding to state court when removed to

---

[3] *See also* **S.W.S. Erectors, Inc. v. Infax, Inc.**, 72 F.3d 489, 494 n.3 (5th Cir. 1996) ("When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue.")

wrong division), ***Willingham v. Creswell-Keith, Inc.***, 160 F. Supp. 741, 743-44 (W.D. Ark. 1958) (noting that removal to wrong division was "in itself . . . sufficient to require the Court to remand the case").[4]

The Friesens argue that because they timely raised the defect in removal procedure, the court must remand this case to state court. The Friesens rely on language from two Eighth Circuit cases. In *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 623 (8th Cir. 1997), the Eighth Circuit noted: "Under § 1447(c), the district court must remand the case if any defect in removal procedure is timely raised or '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" (alteration in original) (quoting 28 U.S.C. § 1447(c)). The court cited 28 U.S.C. § 1447(c), which provided then (as it does now):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The Eighth Circuit noted in a footnote that § 1447(c) was amended in 1988 and that at the time the Supreme Court decided a case the Eighth Circuit was relying on, § 1447(c) provided "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." ***Transit Cas.***, 119 F.3d at 623 n.9. The Friesens also point to *St. John v. International Association of Machinists & Aerospace Workers*, 139 F.3d 1214, 1216, 1219 (8th Cir. 1998), in which the Eighth Circuit (citing *Transit*) described § 1447(c) as "the statute requiring remand when the district court lacks subject matter jurisdiction or the removal was procedurally defective."

As other courts have noted,[5] the Eighth Circuit's statements in *Transit Casualty* and *St. John* were dicta, as those cases did not involve a procedural defect in removal. *See **St.***

---

[4] *Willingham* was decided prior to the 1988 amendment to the statute governing remand, discussed below.

[5] ***Gaines***, 2010 WL 11526773, at *2; ***Scoular***, 2009 WL 2241592, at *3; ***Robinson v. Jackson Cnty., Mo.***, No. 07-00151-CV-W-REL, 2007 WL 9718157, at *3 (W.D. Mo. May 7, 2007).

*John*, 139 F.3d at 1216 (reversing district court's order remanding state-law claims because some of the state-law claims were preempted by federal law and noting that there was "no procedural challenge to the removal"); *Transit Cas.*, 119 F.3d at 622-23, 625 (determining that the court lacked appellate jurisdiction to review the district court's order remanding to state court for lack of subject-matter jurisdiction). It further appears that the Eighth Circuit's characterization of the law in *Transit* and *St. John* might have been influenced by a prior version of § 1447(c), which suggested the "the district court shall remand" if "the case was removed improvidently." The current version of § 1447(c) mandates remand only for defects in subject-matter jurisdiction. *See* **Yellow Transp., Inc. v. Apex Digital, Inc.**, 406 F. Supp. 2d 1213, 1217 (D. Kan. 2005) (finding the current version of § 1447(c) grants courts discretion whether to remand based on some procedural defects and distinguishing cases relying on prior version of § 1447(c)).

The Friesens also argue that this court lacks statutory authority to transfer this case. The Friesens are correct that the Eighth Circuit has held that transfers under 28 U.S.C. § 1404(a) are not permitted unless "venue is proper in the transferor *and* transferee forums." **Steen v. Murray**, 770 F.3d 698, 701 (8th Cir. 2014). But as the Friesens recognize, a court in which venue does not lie may transfer to another district under 28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Friesens argue that § 1406 does not apply to removed actions because the case was removed from state court, and no case "is filed" in this court. I disagree. The Friesens attempt to equate the use of "filed" in the statute with "brought," but Congress could have used "brought" if it meant to limit the application of § 1406 to actions originally filed in the transferor court. The case is currently "filed" on this court's docket—even if it was originally filed in state court.

The Friesens also argue that § 1406 is a "general venue statute[] contained in Chapter 87 of Title 28" and applies only to cases governed by the venue provisions of that chapter and filed in federal court originally. Doc. 12. The Friesens cite *Maysey v.*

5

*CraveOnline Media, LLC*, No. CV 09-1364-PHX-JAT, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009), which reasoned that because the Supreme Court held in *Polizzi* that the general venue statute, 28 U.S.C. § 1391, does not apply to removed actions, § 1406 does not apply to removed actions. I respectfully disagree with the *Maysey* court's extension of *Polizzi*.[6] Instead, I agree with those courts that have held a removed case may be transferred in accordance with 28 U.S.C. § 1406(a). *See, e.g.*, **Shamrock Mfg. Co. v. Ammex Corp.**, No. CV-F-10-908 OWW/SKO, 2010 WL 3153976, at *3-8 (E.D. Cal. Aug. 9, 2010) (declining to follow *Maysey*); *see also* **Resolution Tr. Corp. v. Westgate Partners, Ltd.**, 937 F.2d 526, 532 & n.9 (10th Cir. 1991) ("agree[ing] . . . that the district court could have transferred" a case removed to the wrong district under either § 1406(a) or 28 U.S.C. § 1631, but holding it was not plain error for the district court to remand to state court when defendant did not move to transfer in the district court); **Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.**, 566 F.2d 523, 524-26 (5th Cir. 1978) (holding that a removed case may be transferred under § 1406(a)).

The Friesens contend that even if this court has discretion to transfer under § 1406, the "interest of justice" would not be served by a transfer. The Friesens cite *Addison v. North Carolina Department of Crime & Public Safety*, 851 F. Supp. 214, 216, 218 (M.D.N.C. 1994) (adopting report and recommendation), in which the court granted a motion to remand to state court when the defendants removed the case to the Middle District of North Carolina—even though the state court was located in the Western District of North Carolina—because plaintiffs lived in the Middle District of North Carolina, and defendants believed the case should be heard in the Middle District for the convenience of the parties and witnesses. The court reasoned:

> District courts can and should police the situation by remanding cases brought in the wrong district. To do otherwise might encourage litigants to forum shop in order to gain an advantage over plaintiff and disregard plaintiff's choice of forum.

---

[6] The court in *Polizzi* also noted that in a case where § 1391 applies, "dismissal of the case might be justified if a timely objection to the venue were interposed," citing § 1406. 345 U.S. at 665. With this statement, the Court was not saying that § 1406 applies only to courts with venue under § 1391.

6

> In essence, defendants are requiring plaintiff to litigate the initial stages of this litigation in this court. While the separation of the districts is not great in this case, in other cases such a procedure could work to the major disadvantage of a plaintiff by requiring plaintiff to litigate the removal and transfer issue in a very distant district. Therefore, for policy reasons, it appears that district courts should not permit an improper removal under the guise that such may be corrected by the court ruling on a motion to transfer. This requires a plaintiff to litigate the transfer motion in a distant district. It also turns matters on their head by giving defendants the initial choice of forum and disregarding plaintiff's choice. If, after remand, defendants will have lost the opportunity to timely remove the case to the correct district, that is simply the consequence of taking the law into one's own hands.

*Id.* at 218.

Harvest argues that *Addision* is distinguishable because it did not intentionally remove this case to the wrong district. But it does not appear that the defendants in *Addison* acted in bad faith (although the plaintiff characterized defendants' actions as such). *See* 851 F. Supp. at 216. Rather, the defendants in *Addison* removed the case to the district court where venue would lie if the action had been filed in federal court originally—which is exactly what Harvest contends it did here. I agree with the court in *Addison* that taking action to avoid litigating a motion to transfer in the proper district—even if unintentional—is troublesome. The rules and caselaw governing venue for removal are clear, and this is not a case in which the attorney for the defendant looked at a map and made a mistake regarding which federal district embraced the state court.

Nevertheless, I follow a majority of district courts in the Eighth Circuit and find that the interests of justice would be served by a transfer to the Southern District of Iowa. A transfer would serve the interests of justice by avoiding remand to the state court just for the case to be removed again, saving time and expense, *see* **Scoular**, 2009 WL 2241592, at *3; and by preserving Harvest's right to a federal forum if the time limit for removing has expired, *see* **Gaines**, 2010 WL 11526773, at *2. Preserving Harvest's right to a federal forum is particularly important as this case involves at least one federal claim.[7]

---

[7] Although I do not address Harvest's argument that the Friesens' breach-of-contract claim arises under patent law, I note that if Harvest is correct, the interest in preserving a federal forum is even stronger. Under the statute governing removal of patent cases, the time limits for removal in

7

### *III.    CONCLUSION*

IT IS ORDERED that the Friesens' motion to remand to state court (Doc. 9) is **denied** and Defendant Harvest's motion to transfer venue to the Southern District of Iowa (Doc. 8) is **granted**.

IT IS FURTHER ORDERED that this order shall be stayed for fourteen days to allow either party to file objections under Local Rule 72A prior to transfer. If no objections are filed, the Clerk of Court is directed to transfer this case to the Southern District of Iowa, Western Division, at the expiration of the stay. If objections are filed, the stay shall remain in effect pending the district court's ruling on the objections.

**IT IS SO ORDERED** this 23rd day of January, 2020.

*[signature: Kelly K.E. Mahoney]*

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

§ 1446(b) of the general removal statute "may be extended at any time for cause shown," demonstrating that Congress thought it particularly important that litigants be able to remove patent cases. *See* **28 U.S.C. § 1454(b)**.